[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Date of Sentence : January 24, 1997 Date of Application : (Undated) Date Application Filed : February 21, 1997 Date of Decision : November 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR 96-487671;
Peter Odlum. Esq., Defense Counsel, for Petitioner
Anthony Troy Martin, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
Following his plea of guilty the then 18 year old petitioner was sentenced on One Count of Assault, 1st degree, in violation of § 53a-59(a) to a term of 15 years, execution suspended after 10 years (5 years of said sentence is mandatory), with probation for 5 years. This was the cap under a plea agreement where the defendant had the right to argue for less.
On March 13, 1996, the petitioner shot the 17 year old victim in the back as he walked on Franklin Avenue. It was alleged that the petitioner was a gang member and had earlier warned the victim to say out of the area.
The victim's small intestine was severed and his large intestine nicked. Both were surgically repaired. He was also wounded in the hip leaving him with a limp.
The petitioner, in his comments to the Division states he is remorseful about the incident and he denies any gang affiliation (although no plausible reason for the shooting was advanced). CT Page 450
Defense counsel stresses the age of the petitioner and states that the victim is himself now in jail.
The state's attorney points out that this was a deliberate shooting and that the petitioner has prior criminal involvement (although not as an adult).
Both victim and his family were put in fear of retaliation by the petitioner or his associates, and of course deliberately shooting someone on a city street for no other reason than he was there not only endangers the target, but degrades and threatens the community. It requires an appropriately severe sentence. The petitioner previously had the benefit of probation supervision, but obviously that did not serve as a deterrent for escalating violence.
Reviewing this sentence pursuant to the provisions of §43-28 of the Practice Book, we find it is appropriate and not disproportionate. It is affirmed.
Klaczak, J.
O'Keefe, J.
Miano, J.
Klaczak, Miano and O'Keefe, J.s, participated in this decision.